[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2005
THOMAS K. KAHN
CLERK

No. 05-10385
Non-Argument Calendar

_____

D. C. Docket No. 03-61936-CV-CMA

TARIKU H. KEIRA,

Plaintiff-Appellant,

VIVIAN B. KEIRA,

Plaintiff,

versus

U.S. POSTAL SERVICE,
Lee R. Heath, Department Head,
ROSARIO PRIOLO, Special Agent,
(Roy), Special Agent for U.S. Postal
Inspection Service, being sued individually
and in his private capacity and as an employee of
the U.S. Postal Inspection Service,
ROBERT N. WHITE, MS, LMHC,
Team Leader, being sued individually
in his private capacity and as an employee of the
U.S. Department of Veteran Affairs,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(August 3, 2005)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tariku Keira, a former postal employee, appeals the district court's grant of summary judgment in his pro se civil rights action. For the following reasons, we affirm.

I. Background

In August 1998, Keira allegedly made a threatening statement to a postal manager at work, and thereafter was removed from duty and referred for a psychiatric evaluation. While on extended leave, he completed an application for disability, in which he wrote that he suffered from "post traumatic stress disorder, with the potential to kill, mangle, and injure my adversaries (postal management personnel)...I am on the verge of dealing with the postal disputes the same way I dealt with my Vietnam adversaries from the barrels of my M–16, my 12–gauge, my 30-30, and my hand grenades...when I return to my employment at the Postal Service I will bring my revolver–ready and loaded." In light of this statement,

2

Robert White, a Veteran Affairs social worker, informed postal inspectors of the threat that Keira posed in the workplace.

A federal grand jury returned an indictment, charging Keira with assaulting, resisting, opposing, and interfering with postal employees in the performance of their official duties, in violation of 18 U.S.C. § 111(a). The United States dismissed the criminal charges against Keira, in exchange for Keira's consent to a search of his home for the weapons he referred to in his earlier statements. Keira and his attorney were present during the search and no weapons were found.

In connection with the events relating to the criminal charges, Keira filed a pro se complaint against Lee Heath, head of the United States Postal Inspection department, postal inspector Rosario Priolo, and White, all in their individual and official capacities (collectively "the defendants"). In his amended complaint[1], Keira alleged that White released confidential psychiatric information and that Priolo submitted false statements that led to Keira's arrest and detention. He also asserted a claim against the United States under the Federal Tort Claims Act ("FTCA") for malicious prosecution, and a constitutional violation based on the search of his home. He listed numerous counts in connection with these actions, and demanded "no less than 9.2 million dollars."

---

[1] Keira's original complaint was dismissed without prejudice for failure to plead viable causes of action.

3

The defendants filed a motion to dismiss the complaint, or in the alternative for summary judgment. The magistrate judge issued a recommendation to grant the defendants' motion to dismiss the Bivens claims against Priolo and White, and the malicious prosecution claim against the United States. Finally, the magistrate judge recommended granting the defendants' motion for summary judgment on Keira's constitutional claim relating to the search of his home.[2] The district court adopted the magistrate judge's report and recommendation. On appeal, Keira's central argument is that the search of his home violated the Fourth Amendment, and therefore, the district court's grant of summary judgment was in error.[3]

---

[2] The magistrate judge concluded, *inter alia*, that: (1) Keira had failed to adequately plead a claim against Priolo pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) because he did not specify any false statements that Priolo made and the grand jury's finding of probable cause to return an indictment foreclosed Keira's claims of false arrest and malicious prosecution; (2) the court lacked subject matter jurisdiction over the FTCA claim because Keira had failed to comply with the requisite statutory procedures; (3) Keira had failed to allege a constitutional violation to support his Bivens claim against White; and (4) Keira consented to the search of his residence, and therefore, the search did not violate his constitutional rights. Of these rulings adopted by the district court, Keira challenges on appeal only issue (4), relating to the search of his home.

[3] Keira also avers that the district court improperly denied his motion for default judgment. That argument is meritless. We review a district court's denial of a motion for default judgment for abuse of discretion and recognize that default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). Under Federal Rule of Civil Procedure 4(i), to effectuate service on officers and employees of the United States when the employee is sued in both his official and individual capacities, the plaintiff must serve the individual officer, the U.S. Attorney General, and the U.S. Attorney in the applicable district. Fed.R.Civ.P. 4(i)(1)-(2). Here, Keira did not serve the U.S. Attorney's Office and the U.S. Attorney General, as required, until February 2004. On February 11, 2004, the defendants responded to the complaint by filing a motion to dismiss. Thus, the defendants timely answered and the district court did not abuse its discretion in denying Keira's motion.

4

## II. Standard of Review

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

## III. Discussion

Although generally the Fourth Amendment protects against warrantless searches, consent to a search relieves the warrant requirement. See U.S. Const., Amend. IV; United States v. Ramirez-Chilel, 289 F.3d 744, 751 (11th Cir. 2002); United States v. Blake, 888 F.2d 795, 798 (11th Cir. 1989). Here, the defendants proffered evidence from both Brown, the Assistant U.S. Attorney who negotiated the dismissal agreement, and Priolo, confirming that Keira gave consent to the search. Moreover, a letter from Keira's attorney, which Keira attached to his complaint, also confirmed the agreement that the government would dismiss the indictment if Keira permitted the search. The defendants also proffered evidence

that Keira, his wife, and his attorney were present during the search and voiced no objections. Although Keira disputes that he gave consent to the search, he did not submit an affidavit or declaration as evidence to rebut the existence of consent. Keira's own conclusory allegations are insufficient to defeat summary judgment. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that bare, conclusory allegations are insufficient to support a complaint). Because Keira did not proffer any evidence to rebut the defendant's evidence of consent, he cannot establish a constitutional violation. Accordingly, summary judgment was proper. AFFIRMED.