[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2002
THOMAS K. KAHN
CLERK

———————————————

No. 01-10034

———————————————

D. C. Docket No. 00-00092-CV-BH-S

WILLIAM MITCHELL,

Plaintiff-Appellant,

versus

BROWN & WILLIAMSON TOBACCO CORPORATION,
LIGGETT GROUP INCORPORATED,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Alabama

———————————————

(**June 19, 2002**)

Before WILSON, RONEY and ALARCÓN[*], Circuit Judges.

ALARCÓN, Circuit Judge:

William Mitchell, a federal prisoner, appeals from the dismissal without

_____

[*]Honorable Arthur L. Alarcón, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

prejudice of his pro se action against five cigarette manufacturers.  Mitchell filed this action in state court.  The defendants removed the action to the district court because the parties were of diverse citizenship and Mitchell prayed for damages in excess of $75,000.  The district court adopted the magistrate judge's recommendation that this action be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it did not sufficiently allege a physical injury as required by 42 U.S.C. § 1997e(e), a provision of the Prison Litigation Reform Act of 1995 ("PLRA").  We vacate the judgment because we conclude that § 1997e(e) does not apply to state-law claims unrelated to prison conditions filed by prisoners in state court, and removed to federal court solely on the basis of diversity jurisdiction.  We also affirm the district court's denial of Mitchell's motion for a default judgment against Liggett Group, Inc.  We further conclude that the district court did not err in striking Mitchell's notice regarding the filing of an amended complaint.

I

On December 27, 1999, Mitchell, a federal prisoner incarcerated in Wisconsin, filed pro se a complaint in the Circuit Court for Escambia County, Alabama against Philip Morris, Inc. ("Philip Morris"), R.J. Reynolds Tobacco Co. ("R.J. Reynolds"), Brown & Williamson Tobacco Corp. ("Brown & Williamson"),

2

Liggett Group, Inc. ("Liggett Group"), and Lorillard Tobacco Co. The state court allowed Mitchell to proceed without prepaying docket and services fees. Mitchell alleged claims for deceptive advertising, misrepresentation, and strict liability based solely on Alabama tort law. He based his complaint on the following factual assertions: (1) due to the deceptive advertising of the defendants, he began using and became addicted to their tobacco products in 1987-1988; (2) as a result of his addiction to the defendants' products, he suffers from shortness of breath, headaches, and a fear of dying from cancer in the near future, which includes nightmares about contracting stomach cancer; and (3) he is entitled to actual and general damages of $10 million for his pain, suffering, and emotional distress caused by his fear of dying of cancer, $750,000 in actual damages from each defendant for his nicotine addiction, and $1 million in punitive damages from each defendant for his mental stress and fear.

The defendants removed this matter to the United States District Court for the Southern District of Alabama based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. While three of the defendants filed answers to Mitchell's complaint, Liggett Group did not. Mitchell filed a motion for a default judgment against Liggett Group based on its failure to respond to his complaint.

Mitchell's action was referred to a United States magistrate judge, pursuant

to 28 U.S.C. § 636(b)(1)(A).[1]  The magistrate judge ordered the parties to show

cause why 42 U.S.C. § 1997e(e) did not bar Mitchell's complaint.  Section

1997e(e) provides:  "No Federal civil action may be brought by a prisoner confined

in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury."  In order to

avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental

injury must be accompanied by allegations of physical injuries that are greater than

de minimis.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) ("Harris I"),

vacated in part and reinstated in part on reh'g, 216 F.3d 970 (11th Cir. 2000) (en

banc) ("Harris II").

Mitchell filed pro se a response to the order to show cause, arguing that

§ 1997e(e) did not apply because his suit was not a "federal civil action."  Brown

---

[1]Section 636(b)(1)(A) provides:
[A] judge may designate a magistrate to hear and determine any
pretrial matter pending before the court, except a motion for injunctive
relief, for judgment on the pleadings, for summary judgment, to
dismiss or quash an indictment or information made by the defendant,
to suppress evidence in a criminal case, to dismiss or to permit
maintenance of a class action, to dismiss for failure to state a claim
upon which relief can be granted, and to involuntarily dismiss an
action.  A judge of the court may reconsider any pretrial matter under
this subparagraph (A) where it has been shown that the magistrate's
order is clearly erroneous or contrary to law.
28 U.S.C. § 636(b)(1)(A).

& Williamson, Philip Morris, and R.J. Reynolds filed a joint response arguing that "federal civil action" as that term is used in § 1997e(e) includes claims that are within the jurisdiction of a federal court. Liggett Group moved for dismissal on the basis that Mitchell's action was barred by § 1997e(e) and adopted Brown & Williamson's response to the order to show cause. Mitchell filed a reply, arguing that even if § 1997e(e) applied to his case, he had sufficiently alleged physical injury in the form of his nicotine addiction.

Brown & Williamson, Philip Morris, and R.J. Reynolds filed a motion for judgment on the pleadings in which they asserted that the complaint should be dismissed because of Mitchell's failure to demonstrate physical injury. Mitchell filed a pleading styled as a "Notice to the Court for filing an Amended Complaint." The district court struck this notice for failure to file a certificate indicating that the defendants had been served as required by Rule 5(d) of the Federal Rules of Civil Procedure.[2]

In his report and recommendation, the magistrate judge opined that

---

[2]Rule 5(d) provides in relevant part:
All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service . . . .
Fed. R. Civ. P. 5(d).

Mitchell's complaint was due to be screened under 28 U.S.C. § 1915(e)(2)(B)(i)[3] "because Plaintiff was a prisoner when he filed this action and was allowed to proceed without prepaying the regular filing fee." The magistrate judge recommended that the district court hold that the provision in § 1997e(e) that "[n]o Federal civil action may be brought by a prisoner" applies to a civil action filed in state court that is removed to a federal district court. The magistrate judge determined that Mitchell did not meet the physical injury requirement of § 1997e(e) because his "conclusory allegations of headaches, shortness of breath, and nicotine addiction do not present a physical injury that is greater than de minimis." The magistrate judge recommended that the complaint be dismissed without prejudice as frivolous, pursuant to § 1915(e)(2)(B)(i). The magistrate judge also recommended that Mitchell's motion for a default judgment against Liggett Group be denied.

None of the parties filed an objection to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's report and recommendation as the opinion of the court and dismissed the action "without

---

[3]Section 1915(e)(2)(B)(i) provides:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.
28 U.S.C. § 1915(e)(2)(B)(i).

prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."

Mitchell timely filed a notice of appeal. Subsequently, Mitchell filed a motion to dismiss his appeal as to Philip Morris, R.J. Reynolds, and Lorillard. This Court granted Mitchell's motion, leaving only Brown & Williamson and Liggett Group as appellees. This Court also appointed counsel to represent Mitchell on this appeal. We exercise our appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II

Mitchell contends that this Court must order that this matter be remanded to state court because the district court did not have subject matter jurisdiction over his action. Mitchell maintains that the $75,000 jurisdictional amount required to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) has not been demonstrated. Mitchell did not file a motion to remand on this ground in the district court. Nevertheless, we have an independent obligation to determine whether we have jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Cuban Am. Bar Ass'n v. Christopher, 43 F.3d 1412, 1422 (11th Cir. 1995). Accordingly, we must determine whether the district court had subject matter jurisdiction over this action.

A district court has subject matter jurisdiction "where the matter in

7

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse. Mitchell is a citizen of Alabama because he maintains that his domicile was Alabama before he was incarcerated in Wisconsin. See Polakoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.");[4] see also Singletary v. Cont'l Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir. 1993) ("It [citizenship] should be the state of which [the prisoner] was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."). None of the defendants is a citizen of Alabama. Therefore, the only question is whether the $75,000 amount-in-controversy requirement has been met.

As this case was originally filed in state court and removed to federal court by the defendants, the defendants bear the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). As this Court has explained:

---

[4]The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding [$75,000]. Such a case will not be dismissed unless it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. St. Paul's Indemnity Corp. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). In the typical removal case, a plaintiff files suit in state court seeking over [$75,000]. The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). These standards give great weight to plaintiff's assessment of the value of plaintiff's case.

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). The Ninth Circuit has described the general "mechanical" rule courts apply when a plaintiff's complaint specifies an amount of damages:

At common law, a statement of the amount claimed was required [to appear in every complaint], and was an upper limit on recovery. In a state following the common law rule, there is a mechanical test of whether the amount in controversy requirement is met when a case is removed. The district court simply reads the ad damnum clause of the complaint to determine whether the "matter in controversy exceeds the sum or value of [$75,000] exclusive of interest and costs." 28 U.S.C. § 1332(a). If the claim was apparently made in good faith, then the sum claimed by the plaintiff controls for removal purposes unless it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.

Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997) (quotations, citation, and footnote omitted). Thus, when the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a

9

legal certainty that the plaintiff cannot recover the amount claimed.  Id.

Mitchell's complaint prays for damages in an amount exceeding $75,000. His complaint requests a total of $10 million for actual and general damages from all defendants, $750,000 in actual damages from each defendant for his nicotine addiction, and $1 million in punitive damages from each defendant.  The complaint also alleges that Mitchell will "continue to suffer substantial injuries."  In light of the amount of damages Mitchell's complaint requests, it does not appear "to a legal certainty" that Mitchell cannot recover the amount claimed.  Moreover, since Mitchell "instituted the case in state court, there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."  Singer, 116 F.3d at 375 (quotation and alteration omitted).  We are persuaded that the defendants have met their burden of showing that subject matter jurisdiction is present based on diversity of citizenship.

### III

Mitchell next argues that the district court erred in dismissing his complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  This Court reviews a district court's dismissal of an in forma pauperis action as frivolous under § 1915(e)(2)(B)(i) for abuse of discretion.  Bilal v. Driver, 251 F.3d 1346, 1349

10

(11th Cir. 2001). For purposes of a dismissal under § 1915(e)(2)(B)(i), "[a] claim is frivolous if it is without arguable merit either in law or fact." Id. The district court based its dismissal pursuant to § 1915(e)(2)(B)(i) on its adoption of the magistrate judge's conclusion that Mitchell's claims were barred for failing to satisfy the requirement under § 1997e(e) that the prisoner allege a physical injury.

Mitchell raises several challenges to the district court's application of § 1997e(e) to this matter. The only contention that is dispositive, however, is his argument that § 1997e(e) does not apply to actions that were removed from state court. We agree, insofar as the action filed in state court by Mitchell solely alleged state-law claims unrelated to prison conditions. This matter is in federal court because the defendants exercised their right to remove Mitchell's state-law claims based on the district court's diversity jurisdiction.

The defendants argue that the words "[n]o Federal civil action" include all civil actions pending in federal court, including those removed from state court. To support their interpretation of § 1997e(e), the defendants rely on language from this Court's en banc opinion in Harris II. Their reliance on Harris II is misplaced. In Harris II, this Court interpreted the phrase "[n]o Federal civil action" to include any type of federal claim, including one based on a violation of the United States Constitution. Harris II, 216 F.3d at 985. The plaintiffs in Harris II filed their

11

action in federal court.  Id. at 971.  Thus, this Court was not called upon in Harris II to address the question whether § 1997e(e) applies to state-law cases removed from state court.

In Harris II, this Court held that for the purposes of determining whether the federal civil action was "brought by a prisoner confined in a jail, prison, or other correctional facility" within the meaning of § 1997e(e), district courts must consider whether the plaintiff was a prisoner at the time the action was filed.  Id. at 981.  This Court reasoned that the word "brought," as used in § 1997e(e), "means filed; it does not mean continued or maintained after filing."  Id. at 982.  Applying this interpretation of the term "brought" to the matter sub judice, § 1997e(e) has no application to Mitchell's case, which was clearly not a federal civil action when it was brought–it was filed in state court and based solely on state law.

The defendants argue that the legislative history of the PLRA supports their interpretation of § 1997e(e).  Given the plain meaning of § 1997e(e), however, "there is no reason to resort to legislative history."  United States v. Gonzales, 520 U.S. 1, 6 (1997); see also United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.").  Accordingly,

12

we hold that the district court erred in applying § 1997e(e) to Mitchell's action.

IV

The defendants alternatively argue that even if § 1997e(e) does not apply to Mitchell's action, the district court's dismissal of Mitchell's suit as frivolous under § 1915(e)(2)(B)(i) should nevertheless be affirmed. They assert that Mitchell's state-law claims are preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331-1341. They further assert that Mitchell failed to allege any injury that is cognizable under Alabama tort law. The district court did not reach the question whether Mitchell's complaint failed to state a claim on which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or consider the merits of any other relevant pretrial motion to Mitchell's state-law claims. We decline to do so in the first instance.

V

Mitchell contends that the district court erred in denying his motion for a default judgment against Liggett Group. He claims that he properly served Liggett Group according to the Alabama Rules of Civil Procedure and that Liggett Group failed to file "any answer or defense to any of the charges in the complaint" within the prescribed time frame. Appellant's Br. at 17. We review the denial of a motion for a default judgment for abuse of discretion. Wahl v. McIver, 773 F.2d

13

1169, 1174 (11th Cir. 1985).

The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Default is to be used sparingly, however:

> Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. The former Fifth Circuit has adopted the view that such action is too harsh except in extreme circumstances. Moreover, we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.

Wahl, 773 F.2d at 1174 (citations omitted).

Liggett Group concedes it did not file an answer to Mitchell's complaint. Nevertheless, the record shows that Liggett Group participated in the removal of the action to federal court and that counsel for Liggett Group filed a notice of appearance before Mitchell filed his motion for default. In addition, Liggett Group filed a motion to dismiss a short time after the deadline for responsive pleadings. Mitchell has not shown that Liggett Group's failure to file an answer to his complaint prejudiced him in any way. We are persuaded that "exceptional circumstances that would justify entry of a default judgment are not present." Id. The district court did not abuse its discretion in denying the motion for a default

14

judgment.

## VI

Finally, Mitchell argues that the district court erred in not allowing him to amend his complaint, based on his status as a pro se litigant. Mitchell filed a notice of his intention to file an amended complaint. The district court struck the notice because Mitchell failed to file a certificate of service. Mitchell did not file a motion to amend his complaint.

A district court's refusal to permit the amendment of a complaint is reviewed for abuse of discretion. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999).

Once responsive pleadings have been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because Mitchell failed to file a motion to amend his complaint, the district court was not called upon to determine whether it should grant leave to amend.

## Conclusion

We conclude that § 1997e(e) does not apply to prisoner lawsuits unrelated to prison conditions filed in state court based solely on state law and removed by defendants to federal court based on diversity jurisdiction. Accordingly, we VACATE the dismissal of Mitchell's complaint as frivolous under

15

28 U.S.C. § 1915(e)(2)(B)(i).  We REMAND with instructions that the district court consider whether Mitchell has stated state-law claims upon which relief should be granted, or the applicability of any other pretrial motions.  We AFFIRM the denial of Mitchell's motion for default judgment against Liggett Group and the order striking the notice to amend the complaint.