[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14665
Non-Argument Calendar

_____

D. C. Docket No. 03-80081-CV-KLR

CALVIN DAVID FOX,

Plaintiff-Appellant,

versus

PRUDENTIAL FINANCIAL,
d.b.a. Prudential Securities, Inc.,
a.k.a. Prudential Insurance,
NEW YORK STOCK EXCHANGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Calvin David Fox appeals pro se[1] the district court's order dismissing without prejudice his complaint against Prudential Financial (Prudential) and the New York Stock Exchange (NYSE) alleging retaliation for engaging in acts to further a claim under the False Claims Act (FCA), 31 U.S.C. § 3730(h).  The district court denied several of Fox's motions and dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.  Fox contends that the district court abused its discretion in denying his motions: (1) for a default judgment, (2) to amend his complaint (3) and to disqualify the judge.  In addition, Fox contends that the district court improperly dismissed his complaint under Rule 12(b)(6).

The factual allegations and procedural history in this case are long and complicated, with this Court having issued an opinion in the case once before.  For present purposes, the relevant facts follow.  Fox initially brought several claims against Prudential and the NYSE under the FCA, all of which were dismissed by the district court on the magistrate judge's recommendation.  Fox appealed, and on

---

[1] Fox was an attorney licensed to practice in Florida until his license was suspended by order of the Florida Supreme Court in November, 1999.  Fox falsely claimed to Prudential, his employer at the time, that his license suspension was stayed pending a motion for rehearing, and Fox submitted to Prudential a fraudulently altered Florida Supreme Court Order to support his bogus claim.  Prudential states that it fired Fox for that reason.

April 19, 2004 this Court remanded the case to the district court for consideration of Fox's whistleblower claim, holding that he "arguably stated" a claim under the whistleblower provision of the FCA. On remand, on October 29, 2004, the district court ordered the parties to show cause why the action should not be dismissed and judgment entered. Fox responded on November 12, 2004 by filing a motion for leave to amend and serve an amended complaint. The magistrate judge granted Fox's motion to amend his complaint on November 30, 2004, but Fox failed to do so.

Instead, on December 17, 2004, he moved for default judgment against Prudential because Prudential failed to respond to the complaint he had allegedly served on November 17, 2004. The district court denied Fox's motion explaining that because he sought and received permission to file a second amended complaint on November 30, 2004, he could not seek a default for failure to file a response to a first amended complaint served before that date. The district court noted the inherent contradictions in Fox's position: he sought and was granted leave to file a second amended complaint, but he wanted to penalize Prudential for failing to respond to his first amended complaint.

Fox filed a second, and then a third motion for default. The clerk of the court granted the third motion on February 3, 2005, but the district court struck that

3

order on February 15, 2005. On February 14, 2005, because of Fox's failure to file a second amended complaint, the district court vacated the order granting Fox's motion to amend and directed Prudential to respond to the first amended complaint within 20 days.

On February 25, 2005, apparently hoping the fourth time would be the charm, Fox filed a renewed motion for default. Not charmed in the least, the district court denied the motion pointing out that Fox's fourth motion made the same arguments as his previous three motions had. The court stated that Prudential had 20 days from its February 14, 2005 order to respond to Fox's amended complaint, and the 20 days had not yet elapsed.

On March 3, 2005, Prudential did respond, and filed a motion to dismiss on two grounds: (1) failure of service of process and (2) failing to state a claim. Regarding the failure to state a claim, Prudential noted that Fox did not allege that he was engaged in an activity that had a "distinct possibility" of leading to an FCA action or that Prudential had knowledge of the activity, as required under the FCA whistleblower provision.

Undeterred by the court's previous warnings, Fox responded with a motion to rehear and vacate the previous court orders denying his motion for default and with a second amended renewed motion for default. For the fifth time, Fox made

4

the same arguments about default to the district court. In the same motion, he also alleged that the court breached its duty of impartiality by having ex parte communications and "secret discussions" with Prudential. The court denied these motions and explained to Fox that his identical successive motions were a tax on court resources and that he would be sanctioned if he filed another such motion.

Fox finally responded to Prudential's reply, and the magistrate judge recommended that the district court dismiss Fox's complaint without prejudice for failure to state a claim on May 11, 2005. Fox objected to the magistrate's report on May 31, 2005, and he moved again to disqualify the court. The district court adopted the magistrate's report and recommendation and dismissed the case under Rule 12(b)(6) without prejudice on June 3, 2005. Fox filed a renewed motion to amend his complaint on June 13, 2005. The court denied Fox's motion to amend his complaint because Fox "caused a needless waste of this Court's resources," and it denied Fox's motion to disqualify the court because no reasonable person familiar with the facts of the case would doubt the court's impartiality.

**I.**

We review for abuse of discretion the district court's denial of motions for (1) default judgment, (2) to amend a complaint, and (3) to disqualify a judge. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir.

2002) (motion for default); <u>Green Leaf Nursery v. E.I. DuPont De Nemours & Co.</u>, 341 F.3d 1292, 1300 (11th Cir. 2003) (motion to amend); <u>Draper v. Reynolds</u>, 369 F.3d 1270, 1274 (11th Cir.) (motion to disqualify).

**A.**

First, with respect to the denial of the motion for a default judgment, the entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" <u>Mitchell</u>, 294 F.3d at 1316 (quoting Fed. R. Civ. P. 55(a)). Prudential complied with these rules.

When a plaintiff is permitted to amend his complaint, the defendant is not required to respond until ten days after the amended complaint has been served, unless the court orders otherwise. Fed. R. Civ. P. 15(a).

When this case was remanded, Fox filed a motion for leave to amend his complaint, and the magistrate granted that motion. On February 14, 2005, the district court vacated that order thereby reinstating the first amended complaint and giving Prudential 20 days to respond to it. Prudential filed its motion to dismiss on March 3, 2005, within the 20 days required by the district court's order. Because Prudential timely responded to Fox's first amended complaint, the district court did not abuse its discretion in denying the motion for default judgment.

6

**B.**

Second, we address Fox's contention that the district court abused its discretion in denying Fox's renewed motion to amend his complaint. The Federal Rules of Civil Procedure require that leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a). Generally, a party should be given at least one opportunity to amend before the district court dismisses the complaint with prejudice. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id.

Here, Fox was permitted to file a first amended complaint. After that, the magistrate judge granted him permission to file a second amended complaint. Between November 30, 2004 when the magistrate judge granted permission to file a second amended complaint and February 14, 2005 when the district court vacated that order, Fox never filed a second amended complaint. Instead, he filed a series of baseless default motions. Fox caused undue delay and exhibited bad faith in failing to file his second amended complaint. The district court, therefore, did not

7

abuse its discretion in denying Fox's renewed motion to amend his complaint a second time.  See id.

## C.

Third, we consider Fox's motion to disqualify the court.  A judge may be disqualified if his actions violate 28 U.S.C. § 455.   Section 455 provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. §455.  The Supreme Court has held that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 541, 114 S.Ct. 1147, 1150 (1994).

In this case, Fox's conclusory statements that "secret discussions" between Prudential and the court "manifestly deflate any confidence in the judiciary" are unsupported by any evidence.   No evidence in the record supports Fox's theory that the court became "personally involved in soliciting Prudential and its attorneys to defend this case" in secret discussions.  A reasonable person would not find

8

partiality based on bare allegations of bias and nothing more. Nor do we. Fox's motion is based solely on his dissatisfaction with the court's rulings against him, and that is not a valid basis to disqualify the court. Liteky, 510 U.S. at 541, 114 S.Ct. at 1150. The district court did not abuse its discretion in denying the motion to disqualify.

## II.

Finally, we review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim. Shands Teaching Hosp. and Clinics, Inc. v. Beach St. Corp., 208 F.3d 1308, 1310 (11th Cir. 2000).

Fox contends that his termination was an act of retaliation that violated the whistleblower provision of the FCA. That section states that an employee:

> who is . . .discriminated against in the terms and conditions of employment by his . . . employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under [the FCA], including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h).

A prior panel of this Court ruled that Fox's first amended complaint "arguably stated" a retaliation claim under § 3730(h). "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are

9

generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir. 1990) (internal quotation marks and citation omitted). When a court decides a question of law, the law of the case doctrine applies unless: (1) "new and substantially different evidence is produced, or there has been a change in the controlling authority" since the prior decision; or (2) "the prior decision was clearly erroneous and would result in a manifest injustice." Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000) (citations omitted).

In this case, the district court dismissed Fox's first amended complaint for failure to state a claim. The prior panel reversed and held that Fox's first amended complaint "arguably stated" a retaliation claim. That prior holding, specifically the reversal of the district court's Rule 12(b)(6) ruling, is binding on the district court and this Court under the law of the case doctrine. Neither of the exceptions to the law of the case doctrine apply: (1) no new or different evidence has been produced and there has been no change in controlling precedent; and (2) the decision refusing to dismiss Fox's claim will not result in manifest injustice. See Oladeinde, 230 F.3d at 1288. Thus, we are compelled to hold that the district court erred in dismissing Fox's complaint for failure to state a claim.

The magistrate judge concluded that Fox improperly served process, but the

10

district court did not reach that issue and neither do we. The district court is free to address it on remand.

## III.

The district court did not abuse its discretion in denying Fox's motions for default, to amend his complaint, and to disqualify the court. The district court improperly dismissed without prejudice Fox's complaint for failure to state a claim under Rule 12(b)(6). **AFFIRMED** in part, **REVERSED** and **REMANDED** in part.