[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12850
Non-Argument Calendar

_____

D. C. Docket No. 05-00354-CV-T-24-MAP

MARY H. MUEGGE,

Plaintiff-Appellant,

versus

HERITAGE OAKS GOLF AND COUNTRY CLUB, INC.,
HERITAGE OAKS CLUB HOMES III ASSOCIATION, INC.,
COTTON & MARTIN CUSTOM PAINTING, INC.,
TED A. MARTIN,
MICHAEL L. LUNSMANN, et al.,

Defendants-Appellees,

ROBERT E. LEE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 12, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Mary Muegge appeals, pro se, the summary judgment against her claims of negligence, conversion, and civil theft and in favor of the numerous defendants in this diversity action. Muegge also appeals several non-dispositive orders of the district court. We affirm.

## I. BACKGROUND

Muegge is a resident of Indiana, who spent the winter at the home of her daughter and son-in-law, Judy and Victor Bardonner, in Sarasota, Florida. In February 2004, the Bardonner home was burgled, and Muegge lost several thousand dollars in cash and jewelry. Around the time of the burglary, employees of Cotton and Martin Custom Painting, Inc., were painting the exteriors of the homes in the Heritage Oaks Club Homes III subdivision where the Bardonner residence was located.

On February 24, 2004, Muegge left the Bardonner residence at approximately 10:30 a.m. to have lunch. When she left, Cotton and Martin employees were painting the exterior of the Baronner home. When Muegge returned at approximately 2:30 p.m., the employees were gone. Muegge alleges that when she returned she saw seven wet paint splotches on the driveway.

2

Muegge also alleges that when she entered the residence she saw an individual hurriedly exit through the front door. On the morning of February 26, 2004, Muegge noticed that her cash and jewelry were missing. Muegge reported the theft to the Sarasota police, but her belongings were not recovered.

Muegge filed a complaint in federal district court based on diversity jurisdiction against Heritage Oaks Golf and Country Club, Inc., Heritage Oaks Club Homes III Association, Inc., Argus Property Management, Inc., Cotton and Martin Custom Painting, Inc., Ted A. Martin, and the six painters assigned to the Club Homes III project, Thomas A. Haack, Michael L. Lunsmann, Scott W. McCormack, Robert E. Lee, Kenneth W. Gates, and George H. Migneron. Muegge alleged that the individual painters had stolen her property, and the other entities were negligent in failing to prevent the theft. The district court dismissed the complaint against Migneron, Lee, and Gates, because Muegge failed to serve them properly. After discovery, the district court granted summary judgment in favor of all remaining defendants.

## II. STANDARD OF REVIEW

This Court reviews the grant of summary judgment <u>de novo</u>. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Hallmark Developers, Inc.</u>

3

v. Fulton County, Ga., 466 F.3d 1276, 1283 (11th Cir. 2006). When the Court reviews the denial of a motion to disqualify an attorney, the Court reviews "the district court's findings of fact for clear error and carefully examine[s] de novo the district court's application of ethical standards." Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 380 F.3d 1331, 1338 (11th Cir. 2004). The Court reviews the denial of a motion for a default judgment, the refusal to permit the amendment of a complaint, the denial of a motion for sanctions, and discovery rulings for abuse of discretion. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002); Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996); Maynard v. Bd. of Regents, 342 F.3d 1281, 1286 (11th Cir. 2003).

## III. DISCUSSION

Muegge raises a dozen arguments on appeal, which we address in the order they appear in her brief. Each argument fails.

Muegge argues that the district court erred when it denied her motions for default judgment against Heritage Oaks and Club Homes III and against Gates, Lee, and Migneron. These arguments fail. Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).

4

The district court properly denied the motion for default judgment against Heritage Oaks and Club Homes III because each responded to Muegge's complaint before she moved for default judgment. Muegge did not demonstrate any prejudice from their four-day delay in filing that response. The motion for default judgment was properly denied against Gate, Lee, and Migneron because Muegge failed to serve those defendants properly under Florida law. See Fed. R. Civ. P. 4(e); Fla. Stat. § 49.011 (2006).

Muegge next complains about non-dispositive orders of the magistrate judge that denied her motion to produce, her motion for sanctions, and her motion for a protective order. These arguments fail. As an initial matter, Muegge arguably waived her right to appeal the orders of the magistrate judge because Muegge did not file objections to those orders under Federal Rule of Civil Procedure 72(a). Even if we were to conclude that Muegge did not waive her right to appeal these orders, there was no error. Muegge has not established that she was prejudiced by the denial of her motions or that the denial of those motions was an abuse of discretion.

Muegge next argues that the district court erred when it denied her motion to disqualify and impose sanctions against the law firm of Dickinson and Gibbons and attorney David S. Peterson for representing two defendants at the same time.

We disagree. Even if we were to conclude that Peterson had a conflict of interest, any prejudice would have been to his clients who waived any potential conflict. The district court did not abuse its discretion when it denied Muegge's motion.

Muegge argues that the district court erred when it denied her motion for leave to amend her complaint, but this argument fails. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court may deny a motion to amend on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard, 342 F.3d at 1287 (citation and internal quotation marks omitted). Muegge did not file her motion to amend until four months after the district court issued its scheduling order and one month before the close of discovery. Muegge's motion, which sought to increase significantly the damages, did not offer any explanation why she did not attempt to her amend her complaint earlier. The district court did not abuse its discretion in denying Muegge's motion to amend her complaint.

Muegge argues that the district court erred when it granted summary judgment in favor of the various defendants. We disagree. Because the facts as to each defendant or group of defendants differs, we address each in turn.

Like the district court, we read Muegge's complaint liberally to state a claim for negligence against Heritage Oaks. Summary judgment was properly granted in

6

favor of Heritage Oaks because Muegge failed to establish that Heritage Oaks owed a duty to Muegge. Clay Elec. Co-op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). The Declaration of Covenants for the Heritage Oaks property clearly stated that Heritage Oaks was not responsible for providing security, yet Heritage Oaks provided gated entrances to the subdivision. Muegge failed to present any evidence that Heritage Oaks had a duty to do more.

Similarly, Muegge failed to present any evidence that Club Homes III owed a duty to provide security to the homeowners in the association. Club Homes III was charged with maintaining the common areas of one subdivision in Heritage Oaks, but there is no evidence that Club Homes III was responsible for providing security services. Summary judgment was properly granted in favor of Club Homes III.

Summary judgment was properly granted in favor of Argus, the company that researched and recommended the painting company, Cotton and Martin, to Club Homes III, against Muegge's claims of negligent hiring and negligent supervision. Muegge failed to present evidence that Argus did not make an appropriate investigation of Cotton and Martin before recommending the hiring of the company, Malicki v. Doe, 814 So. 2d 347, 362 (Fla. 2002), or that Argus knew or should have known that Cotton and Martin required supervision, id. at 362 n.15.

The undisputed evidence was that Club Homes III, not Argus, hired Cotton and Martin to paint the homes in the subdivision.

Summary judgment was properly granted in favor of the individual defendants, Haack, Lunsmann, and McCormack, against Muegge's claims of conversion and civil theft. Muegge provided no evidence that any of the individual defendants took her property. See Fla. Stat. § 812.014; FOGADE v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001). Because the evidence presented could not sustain a verdict, by a preponderance of the evidence, against any particular defendant, the district court properly granted summary judgment.

Summary judgment was also properly granted against Muegge's claims against Cotton and Martin, and Ted Martin. With regard to Muegge's claims of negligent hiring and negligent supervision against Cotton and Martin, summary judgment was properly granted because Muegge presented no evidence that Cotton and Martin failed to conduct a proper investigation of its employees, see Malicki, 814 So. 2d at 362, or that, after the employees began their employment with Cotton and Martin, Cotton and Martin should have learned that any or all of them were unfit to paint the exterior of homes or otherwise required supervision, id. Although Muegge offered evidence that four of the painters had criminal backgrounds, only one of the four committed a crime related to theft, and assuming such a

8

background rendered that individual unsuitable to paint the exterior of homes, summary judgment was still proper because there is no evidence that particular employee committed the theft of Muegge's property. See id. at 363.

With regard to Muegge's argument of respondeat superior, summary judgment was properly granted against her. Assuming an employee of Cotton and Martin took her property, Muegge failed to present evidence that the theft was in the course of employment and furthered the interests of Cotton and Martin. Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. Dist. Ct. App. 2001). The Cotton and Martin employees were hired to paint the exterior of the Club Homes III residences and were not authorized by Cotton and Martin to enter any of the residences.

Finally, Muegge argues that the district court erred when it granted attorney's fees to the defendants after she had filed her appeal. Because Muegge did not amend her notice of appeal to include an appeal of the order granting attorney's fees, we lack jurisdiction to consider this argument. Fed. R. Civ. P. 3(c); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 838 (11th Cir. 1998).

## IV. CONCLUSION

The summary judgment against Muegge's complaint is

**AFFIRMED.**