[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14556
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00271-MTT

MARK HANDY,

Plaintiff-Counter
Defendant-Appellant,

versus

TINA COOK,
COOPER COOK,

Defendants-Counter
Claimants-Appellees,

KENNETH CHAPMAN,
MIKE BURNS,
CITY OF MACON,
JOHN DOES,
1 through 10,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 11, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Mark Handy, proceeding *pro se* in his suit alleging civil rights and state law violations, appeals the district court's grant of summary judgment in favor of the City of Macon, Mike Burns, Kenneth Chapman, Tina Cook, and Cooper Cook, as well as the district court's denial of his motion for default judgment and sanctions.

We review *de novo* a grant of summary judgment, *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006), and review for abuse of discretion a denial of a motion for default judgment, *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). Here, the "Statement of Issues" section of Handy's brief lists a number of general issues stated in question form, but Handy does not offer any

corresponding argument, much less any meritorious argument, on appeal.[1] We

find that Handy has abandoned these issues on appeal and affirm the district court.

**AFFIRMED.**

---

[1] The brief states, for example, "Did the District Court cite the correct cases to support their ruling" and "Did the District Court consider Title 18 U.S.C. Section 241, Conspiracy Against Rights in making their [sic] ruling." Following the "Statement of Issues," the brief discusses an immaterial transcript page-numbering issue and proceeds directly to a broad "Conclusion," omitting any meaningful argument regarding the issues on appeal.