[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12400
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02066-CC


ASAR KHUFU EL,
ANNA SANDERS,

Plaintiffs-Appellants,

versus

PLATINUM HOME MORTGAGE SERVICES, INC.,
CENTURY MORTGAGE CORP.,
CITIMORTGAGE, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
FEDERAL HOME LOAN MORTGAGE CORP.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 24, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Asar Khufu El and Anna Sanders (Appellants), proceeding pro se, appeal the district court's dismissal of their complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. On appeal, Appellants do not address the reasons for the district court's dismissal of their complaint. Instead, Appellants argue that CitiMortgage lacked standing to initiate foreclosure proceedings, and that the district court erred by refusing to enter a default judgment against Century Mortgage Corp. (Century).

Appellants' complaint did not allege any facts to support their argument that CitiMortgage lacked standing to start the foreclosure proceedings. Their conclusory allegations were insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). As for Appellants' other claims, Appellants have abandoned them by failing to address them in their opening brief. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

We review for abuse of discretion a district court's denial of a motion for default judgment. *Mitchell v. Brown & Williamson Tobacco Corp*., 294 F.3d 1309, 1316 (11th Cir. 2002). A party's default does not by itself warrant the entry of a default judgment unless there is "a sufficient basis in the pleadings for the

2

judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Century's failure to answer the complaint did not require the district court to enter a default judgment because Appellants' complaint failed to provide a proper basis for judgment against Century.  Accordingly, the district court did not abuse its discretion when it refused to enter a default judgment against Century.

   **AFFIRMED.**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.