[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11458
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00506-WS-N

PEDRO PEREZ-HERNANDEZ,

Plaintiff-Appellant,

versus

LOUIS SCREWS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 20, 2014)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pedro Perez-Hernandez, a federal prisoner, appeals *pro se* the dismissal of

his complaint against Louis Screws, an agent of the Bureau of Alcohol, Tobacco,

Firearms and Explosives. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). Perez-Hernandez alleged that the agent lost or took his wallet, in violation of his right to due process under the Fourteenth Amendment, and that he was discriminated against when a district attorney refused to investigate the incident. The district court *sua sponte* dismissed Perez-Hernandez's complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court ruled that Perez-Hernandez's complaint about his property was barred under the Prison Litigation Reform Act because he sought compensatory and punitive damages for mental and emotional injuries, not physical injuries, *see* 42 U.S.C. § 1997e(e); the complaint about the loss of his property was untimely; and there was no causal connection between the alleged discrimination by a district attorney and Agent Screws. We affirm.

The district court did not err by dismissing Perez-Hernandez's complaint as frivolous. The Act barred Perez-Hernandez's request for damages for the "[m]ental . . . stress, anguish, and nervous breakdown" he allegedly suffered for losing his wallet, *see id.*; *Napier v. Preslicka*, 314 F.3d 528, 531–32 (11th Cir. 2002), and he could not recover for "[p]hysical stress" when he did not allege that it affected his health or caused him to suffer in a way that would qualify as a physical injury under section 1997e(e), *see Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002) ("[T]o avoid dismissal under § 1997e(e), a

2

prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."). And Perez-Hernandez's claim for damages attributable to the cost of his wallet and its contents was untimely because he failed to file his complaint within two years after he knew that Agent Screws had taken the property. *See* Ala. Code § 6-2-38(l); *Kelly v. Serna*, 87 F.3d 1235, 1238–39 (11th Cir. 1996). Although Perez-Hernandez complained that a district attorney discriminated against him, Perez-Hernandez did not allege that Agent Screws participated in that alleged misconduct. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Perez-Hernandez's complaint failed to state a claim for relief against Agent Screws.

We **AFFIRM** the dismissal of Perez-Hernandez's complaint.