[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10517
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-00391-MW-CAS


ANGELA D. SINGLETON,

Plaintiff-Appellant,

versus

GAYLE EUTSEY DEAN,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 4, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Angela Singleton, proceeding *pro se*, appeals the district court's denial of her motion for a default judgment against defendant Gayle Dean and the *sua sponte* dismissal of her complaint for failure to state a claim of copyright infringement.  On appeal, she argues that she successfully pleaded sufficient facts to show that Dean's work was "strikingly similar" to her own.  We affirm.

We review the denial of a motion for default judgment for abuse of discretion.  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  We review *de novo* the *sua sponte* dismissal for failure to state a claim.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

When a defendant has failed to plead or defend, a district court may enter judgment by default.  Fed.R.Civ.P. 55(b)(2).  But entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for "a sufficient basis" for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim.  *Surtain v. Hamlin Terrace Found.*, No. 14-12752, slip op. at 7–8 (11th Cir. June 16, 2015).  The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 8–9.  Prior to dismissing an action *sua sponte*, a court must provide the plaintiff with notice of its intent to

2

dismiss and an opportunity to respond.  *Id.* at 14.  Exceptions to this requirement are when amending the complaint would be futile or when the complaint is patently frivolous.  *Id.*

Two elements must be proven to establish copyright infringement: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).  To establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so "substantially similar" that an average lay observer would recognize the alleged copy as having been appropriated from the original work.  *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002).  If the plaintiff cannot show access, the plaintiff may still prevail by demonstrating that the works are "strikingly similar."  *Id.* at 1232 n.6.  Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence, and prior common source are, as a practical matter, precluded.  *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).

The mere fact that a work is copyrighted does not mean that every element of the work is protected, because copyright protection extends only to the original elements of expression in a work.  *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010).  While expression is protected, ideas are not.  *See*

3

17 U.S.C. § 102(b).  In addition to broad ideas, noncopyrightable material includes *scènes à faire*, those stock scenes that naturally flow from a common theme.  *Beal*, 20 F.3d at 459–60.  Lists of similarities between two works are inherently subjective and unreliable, particularly where the list contains random similarities, as many such similarities can be found in very dissimilar works.  *Id.* at 460.

Singleton has not shown any examples of copyright infringement, because the alleged similarities either do not exist or concern broad ideas or *scènes à faire*.  Her complaint points to a list of random similarities between two books, which is exactly what this Court rejected as evidence of copyright infringement in *Beal*.  The district court did not abuse its discretion by denying Singleton's motion for a default judgment or err by dismissing her complaint for failure to state a claim.

**AFFIRMED.**

4