[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10082
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00423-MMH-PDB

ALONZO BEEPOT,
JOANNE BEEPOT,

Plaintiffs-Appellants,

versus

JP MORGAN CHASE NATIONAL
CORPORATE SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 16, 2015)

Before MARCUS, WILSON and JULIE CARNES, Circuit Judges.

PER CURIAM:

Alonzo and Joanne Beepot, proceeding pro se, appeal the district court's

orders dismissing their complaint for failure to state a claim and denying their

subsequent Fed.R.Civ.P. 59(e) motion. The Beepots, two former homeowners, were involved in a state foreclosure action brought against them by JPMorgan when they filed this suit, alleging that JPMorgan had failed to comply with the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"); that JPMorgan had breached a fiduciary duty, a contract, and an implied covenant of good faith and fair dealing by fraudulently inducing them to enter into a mortgage agreement knowing they would be unable to pay, and by failing to make proper disclosures as required by law; and that they were entitled to quiet title to their property. The district court held that their claims were barred by res judicata. On appeal, they argue that: (1) the district court erred in denying their motion for a clerk's entry of default and a default judgment; (2) the district court erred in relying on res judicata to dismiss their suit; and (3) the district court abused its discretion by denying their motion to alter or amend the judgment. After careful review, we affirm.

We review the denial of a motion for default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). We also review the denial of a motion to alter or amend a judgment for abuse of discretion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper

2

procedures in making a determination, or makes findings of fact that are clearly erroneous." Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation omitted). We review the district court's application of res judicata de novo. Kizzire v. Baptist Health Sys., Inc. 441 F.3d 1306, 1308 (11th Cir. 2006). Where the district court's judgment is based on multiple, independent grounds, "an appellant must convince us that every stated ground for the judgment against him is incorrect." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Accordingly, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Id.

First, we are unpersuaded by the Beepots' claim that the district court abused its discretion by refusing to enter a default judgment against JPMorgan. Generally, a defendant must respond to a pleading within 21 days after being served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(i). A plaintiff may, however, request that a defendant waive service of process, and the defendant must have at least 30 days after the request was sent to return the waiver. Fed.R.Civ.P. 4(d)(1)(F). A defendant who returns such a waiver "need not serve an answer to the complaint until 60 days after the request was sent." Fed.R.Civ.P. 4(d)(3).

When the court denies a motion to dismiss, a party must answer within 14 days "[u]nless the court sets a different time." Fed.R.Civ.P. 12(a)(4).

The Federal Rules of Civil Procedure require the district court to "find the facts specially and state its conclusions of law separately" in any action "tried on the facts without a jury or with an advisory jury." Fed.R.Civ.P. 52(a)(1). "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed.R.Civ.P. 52(a)(3). The Federal Rules also provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). In that situation, the court may enter a default judgment upon application of the other party. Fed.R.Civ.P. 55(b)(2).

The record before us reveals that JPMorgan never defaulted. The district court struck the Beepots's initial complaint before 21 days had elapsed, so JPMorgan did not default by failing to respond to that complaint. See Fed.R.Civ.P. 12(a)(1)(A)(i). Within 60 days following waiver of service of the amended complaint, JPMorgan filed its first motion to dismiss. See Fed.R.Civ.P. 4(d)(3). After the court denied this motion and lifted the stay, it set a deadline for JPMorgan to respond, and the company filed its second motion to dismiss within the given time. See Fed.R.Civ.P. 12(a)(4). As for the Beepots' argument that the

4

district court erred under Rule 52(a)(1) by not making a separate finding of fact concerning whether JPMorgan defaulted, the requirements of Rule 52 did not apply.  Indeed, Rule 52 applies only to actions "tried on the facts" or rulings otherwise expressly included, and the denial of the motion for a clerk's entry of default or a default judgment does not fall into these categories.  See Fed.R.Civ.P. 52(a)(1), (3).  For these reasons, the district court did not abuse its discretion in denying the Beepots' motions for an entry of default and a default judgment.

We also find no merit in the Beepot's argument that the district court erred in dismissing their complaint on res judicata grounds.  "In considering whether to give preclusive effect to state-court judgments under res judicata . . . the federal court applies the rendering state's law of preclusion."  Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1074 n.6 (11th Cir. 2013).  In Florida, res judicata applies where there is: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits."  Id. at 1074 (quotation omitted).

For starters, the requirements of Rule 52 do not apply here either, since Rule 52 applies only to actions "tried on the facts" or rulings otherwise expressly included, and the dismissal of their case and denial of their motion for reconsideration do not fall into these categories.  See Fed.R.Civ.P. 52(a)(1), (3).  In

5

fact, the Rules clearly provide that the requirements of Rule 52 do not apply to motions to dismiss under Rule 12. Fed.R.Civ.P. 52(a)(3). Nor did the district court otherwise err in dismissing their complaint on res judicata grounds. They raised no argument concerning the merits of the district court's res judicata ruling until the reply brief, and thus have waived the argument. See Oppenheim v. I.C. System, Inc., 627 F.3d 833, 838 (11th Cir. 2010). But even if we were to address it, their claim that the district court relied on the wrong state court ruling is flatly refuted by the record.

Finally, we reject the Beepots' claim that the district court erred in denying their motion to alter or amend the judgment. A party may file a motion to alter or amend a judgment within 28 days of entry of the judgment. Fed.R.Civ.P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur, 500 F.3d at 1343 (quotation omitted).

Florida Statute § 702.01 provides, in its entirety, that: "All mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury." Fla. Stat. § 702.01. The Florida Supreme Court has determined, however, that the mandatory severance provision encroached on its constitutional power to regulate practice and procedure. Haven Federal Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732-33

6

(Fla. 1991).  Accordingly, § 702.01 violates the Florida constitution "to the extent it conflict[ed] with rule 1.270(b)" of the Florida Rule of Civil Procedure, which commits severance of counterclaims to the trial court's discretion.  Id.

The district court's order in this case disposed of the Beepots' argument under Florida Statue § 702.01 on both procedural and substantive grounds.  After determining that § 702.01 was not an intervening change in the controlling law, and that the Beepots did not justify their failure to raise the argument earlier in the proceedings, the court said that it "could decline to consider their arguments" further, but went on to state that the arguments failed "on the merits as well." However, in this appeal, the Beepots do not challenge the district court's determination that that Florida Statute § 702.01 was not an intervening change in law, or that they did not justify their failure to raise the argument earlier in the proceedings, either of which were sufficient to deny their Rule 59(e) motion. Thus, they have abandoned these issues on appeal.  See Sapuppo, 739 F.3d at 680. But even if we were to consider the Beepots' claim, we are unpersuaded because the district court correctly determined that Florida Statute § 702.01 was not an intervening change in controlling law, and Haven did not change this conclusion.

**AFFIRMED**.

7