OPINION
PER CURIAM.
David Kissi, a federal prisoner proceeding pro se, filed a complaint in the District Court seeking $100 million from Coldwell Banker and Jim Gillespie, listed in the complaint as Coldwell’s CEO. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and Kissi filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Kissi is proceeding in forma pauperis, we must dismiss the appeal if it “lacks an arguable basis either in law or fact.” Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); see 28 U.S.C. § 1915(e)(2).
As the District Court noted, Kissi’s complaint relates to the sale of several properties in Maryland. Those properties, and unrepaid loans that Kissi and his wife obtained to procure them, were the subject of a collection action in the District of Maryland. Because of his dilatory and vexatious conduct in that case and related cases — which included the filing of related claims in various state and federal courts — the District of Maryland issued a broad injunction prohibiting Kissi from filing any further actions or documents relating to the subject matter of the litigation in any other court. See Pramco II v. Kissi, 03-CV-2241 (D.Md. October 10, 2003) (Doc. No. 53).
In dismissing his complaint under § 1915(e)(2), the District Court reasoned that Kissi was subject to the District of Maryland injunction.[1] When Kissi filed his District of New Jersey complaint in July 2008, the District of Maryland’s injunction clearly remained in effect. See D. Md. Civ. No. 02-42 (Doc. No. 215) (memorandum opinion entered June 20, 2008) (“For the foreseeable future, the Court expressly declines to dissolve the preliminary injunction in this case ... ”). As such, we agree with the District Court that the injunction barred Kissi’s complaint.
The District Court further reasoned that, even without regard for the District of Maryland injunction, he could not proceed with his claim. A plaintiff invoking a federal court’s diversity jurisdiction bears the burden of stating “all parties’ citizenships such that the existence of complete diversity can be confirmed.” *706 Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir.1999). Kissi, who was incarcerated in Ohio when he filed the complaint, attempted to invoke the District Court’s diversity jurisdiction, alleging that Ohio is his place of domicile. As the District Court reasoned, however, a prisoner’s pri- or state of residence, not his state of imprisonment, is his domicile unless, upon release, he intends to remain in the state where he was imprisoned. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir.2002); Singletary v. Cont’l Ill. Nat’l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir.1993). The District Court reasoned that because Kissi failed to demonstrate an intent to make Ohio his domicile upon release, he had not sufficiently alleged the existence of diversity jurisdiction. We agree and note that although a court should ordinarily allow a party to amend his complaint to properly allege the parties’ citizenships, see 28 U.S.C. § 1653; Chem. Leaman, 177 F.3d at 222 n. 13, the District Court did not err by neglecting to grant Kissi leave to amend. Doing so would have been futile, given the injunction against him.
Kissi has submitted a memorandum in support of his appeal, which consists of more than 70 pages of documents, all but one page of which are irrelevant to the instant appeal. The single relevant page — handwritten and barely legible— contains little more than the assertion that the District Court erred in dismissing his case. In light of the foregoing analysis, we disagree with that contention. Kissi has also submitted an informal brief, in which he raises only one argument pertinent to his appeal. That is, he suggests that the injunction entered by the District of Maryland was dissolved on April 5, 2004. However, the only order entered on that day in the District of Maryland cases does not address the injunction, let alone dissolve it, a point further reinforced by that Court’s express refusal to dissolve the injunction as recently as June 2008.
Accordingly, Kissi’s appeal “lacks an arguable basis either in law or fact,” Neitzke, 490 U.S. at 325, 109 S.Ct. 1827, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)®.

. The District Court also noted that Kissi filed a nearly identical complaint in the Northern District of Ohio. That Court, noting the existence of the injunction, ordered the case to be transferred to the District of Maryland because of improper venue and because the District of Maryland invited the transfer. Kissi v. Coldwell Banker, 08-cv-00894 (N.D. Ohio June 5, 2008) (Doc. No. 7).