[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2010
JOHN LEY
ACTING CLERK

No. 09-10995
Non-Argument Calendar
_____

D. C. Docket No. 08-00473-CV-OC-10-GRJ

JOHN W. MANN,

Plaintiff-Appellant,

versus

WALTER A. MCNEIL, SECRETARY,
Secretary, FL Dept. of Corrections,
JIMMIE O. ATMORE,
GREG WILLIAMS,
FNU MARSH,
Sargeant,
FNU MALLORY,
Sargeant, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 6, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

John W. Mann, a pro se prisoner, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint alleging an Eighth Amendment violation for cruel and unusual punishment, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Mann contends that: (1) the district court erred in dismissing his complaint for failure to state a claim after it determined that Mann was not entitled to damages for mental anguish and suffering because he failed to allege sufficient physical injury; and (2) he is entitled to declaratory relief in the form of a prison transfer. After thorough review, we affirm.

We review de novo an appeal from a 28 U.S.C. § 1915(e)(2)(B)(ii) sua sponte dismissal for failure to state a claim upon which relief may be granted, taking all factual allegations as true. Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008). The same standards of Federal Rule of Civil Procedure 12(b)(6) also govern § 1915(e)(2)(B)(ii) dismissals. Id. at 1320. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "In

order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). We have previously held that a forced "dry shave" only amounted to a de minimis injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), vacated, 197 F.3d 1059, reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); see also Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable de minimis injury). Even though § 1997e(e) bars damages for mental or emotional injury, it does not affect the availability of declaratory or injunctive relief. See Harris, 190 F.3d at 1288.

Here, under our case law, the injuries that Mann complains of -- including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day -- amount to de minimis physical injuries. See Nolin, 207 F.3d at 1258 n.4.[1] Section

---

[1] Mann's alleged eye infection and his injuries stemming from his tooth extraction were not alleged in his complaint and therefore have been abandoned. See Skinner v. City of Miami, 62 F.3d 344, 348 (11th Cir. 1995) ("[A]s a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal.").

3

1997e(e), therefore, bars Mann's claim for damages as a result of mental anguish and suffering. See Mitchell, 294 F.3d at 1312-13.

Moreover, Mann contends that all of the alleged abuse by prison officials stemmed from one initial complaint at his former prison, for which he already received a prison transfer. Thus, Mann's current request for declaratory relief in the form of a prison transfer is moot. See Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."). Accordingly, we affirm the district court's dismissal of Mann's complaint.[2]

**AFFIRMED.**

---

[2] In addition, Mann's motion to submit supplemental records is DENIED as moot.