[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13569
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00033-CV-BAE-6

CAROL WILKERSON,

Plaintiff-Appellant,

versus

H&S, INC.,
d.b.a. Shoney's Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 16, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Carol Wilkerson appeals *pro se* the *sua sponte* dismissal of her

complaint for failure to attach her right-to-sue letter to her complaint and demonstrate that she exhausted administrative remedies. She filed her sexual harassment case, brought under Title VII, 42 U.S.C. § 2000e-2(a), *in forma pauperis*. The magistrate judge recommended that the district court exercise its authority under 28 U.S.C. § 1915(e)(2)(B) to dismiss her complaint *sua sponte* because she did not attach her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), and, therefore, did not show that she exhausted administrative remedies. Wilkerson filed a timely objection to the magistrate judge's Report and Recommendation, to which she attached a copy of her right-to-sue letter. Wilkerson argued that her failure to attach the letter to the complaint was excusable because she is a *pro se* litigant and did not know she was required to attach her right-to-sue letter to her complaint. The district court denied Wilkerson's objections, adopted the magistrate judge's Report and Recommendation, and dismissed the case with prejudice.

Under § 1915(e)(2)(B), a court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." Dismissal of an *in forma pauperis* action under § 1915(e)(2)(B)(i) as frivolous is reviewed for abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d

2

1309, 1315 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Review of a dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, by contrast, is reviewed *de novo*. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.), *cert. denied*, 129 S. Ct. 632 (2008). The district court's factual findings are reviewed for clear error. *See, e.g., Mitchell v. Hillsborough County, Fla.*, 468 F.3d 1276, 1282 (11th Cir. 2006) (noting that standard in conducting *de novo* review of entry of a judgment in a bench trial). Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *Pro se* briefs and pleadings are to be construed liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to sue in court for violations of Title VII, a plaintiff must exhaust administrative remedies, which means she must receive a right-to-sue letter from the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *see also* 42 U.S.C. § 2000e-16(c). This court has held "that receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory

3

precondition which is subject to equitable modification." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S. Ct. 1127, 1135, 71 L. Ed. 2d 234 (1982).

Upon review of the record and the appellant's brief, we vacate and remand. Wilkerson filed a copy of her right-to-sue letter in her objections to the magistrate's report, along with an explanation that, as a *pro se* litigant, she was not aware that she had to file the letter with her complaint. In issuing its order adopting the report and dismissing the complaint, the district court did not address this argument. In doing so, it clearly erred by adopting a factual finding that no right-to-sue letter had been filed, when in fact Wilkerson had filed it along with her objections. Because the right-to-sue letter demonstrates she exhausted her administrative remedies, and because the district court failed to address this argument, the district court erred and abused its discretion in dismissing her complaint. Accordingly, we vacate the order of dismissal and remand the case for further proceedings.

**VACATED AND REMANDED.**