[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10577
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00344-ACC-GRJ

NORMAN NABIR SHELTON,

Plaintiff-Appellant,

versus

R. ROHRS,
Correctional Officer, USP Coleman II,
LT. MCCULLOUGH, Correctional LT., USP Coleman II,
LT. NOBLES, S.I.S. LT., USP Coleman II,
L. WILLIAMS, Deputy Captain, USP Coleman II,
D. DREW, Warden, USP Coleman II,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2010)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se appellant Norman Nabir Shelton, a federal prisoner, filed a 42 U.S.C. § 1983 civil-rights action against the warden and several corrections officers. Shelton checked "no" to the question on the complaint form asking whether he had filed any other actions in state or federal court. But according to the district court's case management system, Shelton had filed at least four prior civil actions in federal court. After the court ordered Shelton to show cause why his complaint should not be dismissed, Shelton explained that he did not remember filing any civil suits and his records were unavailable to him while incarcerated.

The district court rejected Shelton's explanation and dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of judicial process.

In his notice of appeal, Shelton argued the dismissal was improper because he did not intend to mislead the court and he simply was unaware of the law. In his appellate brief, however, Shelton argues the merits of his substantive case against the defendants and does not address the dismissal for abuse of the judicial process.

Because we construe *pro se* pleadings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), we will consider the notice of appeal as the relevant argument.

Section 1915(e)(2)(B)(i) provides that the district court may dismiss the case of a prisoner proceeding *in forma pauperis* at any time if the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). We review a district court's frivolity dismissal under § 1915(e)(2)(B)(i) for abuse of discretion.[1] *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) (citation omitted).

We conclude that the district court did not abuse its discretion. The court's case management system showed that Shelton had filed at least four previous civil actions. Even if Shelton did not have access to his materials, he would have known that he filed multiple previous lawsuits. Moreover, the court dismissed without prejudice; Shelton may refile his complaint with a correct response to the questions asked.

**AFFIRMED.**

---

[1] Prior to the Prison Litigation Reform Act, dismissals for maliciousness under § 1915(e)(2)(B)(i)'s predecessor, § 1915(d), were reviewed for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001).