DLD-055                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2724
_____

DAVID ROBINSON,

Appellant

v.

TEMPLE UNIVERSITY HEALTH SERVICES;
TEMPLE UNIVERSITY PHYSICIANS, INC.;
TEMPLE PROFESSIONAL ASSOCIATES;
TEMPLE UNIVERSITY PHYSICIANS;
TEMPLE UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-04667)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2012


Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: December 12, 2012)


_____

OPINION
_____

PER CURIAM

David Robinson, a prisoner proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 complaint by the United States District Court for the Eastern District of Pennsylvania for lack of subject matter jurisdiction. We will summarily affirm for substantially the same reasons set forth by the District Court.

I.

Robinson brought a pro se civil rights action, 42 U.S.C. § 1983, against several defendants connected to Temple University Hospital and Health Services. Before he was incarcerated in August 2004, Robinson was treated at Temple University Hospital for injuries he sustained after falling from the roof of a three-story building. His injuries included a fractured hip and ankle. While incarcerated at FCI-Fairton in New Jersey, Robinson was taken to the medical facility of United States Penitentiary-Canaan, where he discovered that he had OS Trigonum Syndrome in his ankle. It is unclear whether that syndrome resulted from his prior treatment at Temple University Hospital. While still incarcerated at FCI-Fairton, Robinson commenced this action. He alleged that he was denied proper medical care at Temple University Hospital, and believes that because his injury was misdiagnosed he will continue to suffer long-term pain and inflammation in his ankle.

The Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to file the certificate of merit required to substantiate medical claims under Pennsylvania law. See Pa.R.C.P. 1042.3. The District Court

2

denied the motion, but instead dismissed the complaint *sua sponte* for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1); see also Club Comanche, Inc. v. Virgin Islands, 278 F.3d 250, 255 (3d Cir. 2002). The Court held that even though the action was brought on § 1983 forms, the complaint actually attempted to state a claim for medical malpractice under state law. Robinson was given the opportunity to amend his complaint. He filed a "motion to make additional findings/motion to alter or amend judgment" and a supplement thereto. In those papers, he emphasized that he was presently in the custody of the United States Bureau of Prisons, and he argued that diversity of citizenship was satisfied because some of the employees of Temple University Health Services maintained citizenship outside of Pennsylvania. The Court found that diversity was not established and dismissed the action. Robinson timely filed a notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a dismissal for lack of subject matter jurisdiction. See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a district court's conclusion regarding where a party is domiciled, our review is for clear error as to the court's factual determination but *de novo* as to the applicable legal principles and the court's conclusions of law." Washington v. Hovensa LLC, 652 F.3d 340, 341-42 (3d Cir. 2011).

3

The District Court correctly concluded that Robinson had not presented it with a viable 42 U.S.C. § 1983 claim. Robinson does not appear to contend otherwise. See Argument in Support of Appeal, passim. We, of course, agree. To state a claim under § 1983, a plaintiff must allege facts that establish (1) the deprivation of a constitutional or statutory right; and (2) that the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). The District Court did not reach the issue of whether the Defendants acted under the color of state law, noting instead that Robinson's complaint alleged mere negligence—a state of mind insufficient to support relief. This was not error. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that a physician's negligent diagnosis or treatment does not state a valid claim for medical malpractice under the Eighth Amendment); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We therefore turn to the fundamental question presented by this appeal: did the District Court correctly dismiss Robinson's complaint for lack of diversity jurisdiction. A federal court has jurisdiction, under 28 U.S.C. § 1332(a)(1), over a case in which there is *complete* diversity of citizenship; "that is, no plaintiff can be a citizen of the same state as any of the defendants," at the time the complaint was filed. Grand Union Supermarkets, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003); see also 28 U.S.C. § 1332(a)(1). Citizenship is determined by the party's domicile, which is the place the party is permanently residing or intends to make his home. See McCann v.

Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). "[O]nce acquired[, a domicile] is presumed to continue until it is shown to have been changed." Id. "A corporation is deemed a citizen 'of any State by which it has been incorporated and of the State where it has its principal place of business.'" Grand Union Supermarkets, 316 F.3d at 410 (quoting 28 U.S.C. § 1332(c)). The party invoking diversity jurisdiction bears the burden of proving facts by which it may be sustained. See McCann, 458 F.3d at 286.

Robinson submitted records to the District Court indicating that he was a resident of Philadelphia, Pennsylvania, prior to his incarceration. Nor does Robinson now contest this. See Argument in Support of Appeal, passim. The traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment, see, e.g., Mitchell v. Brown & Williamson Tobacco Crop., 294 F.3d 1309, 1314 (11th Cir. 2002); Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962). If that view still governs, diversity jurisdiction did not exist here, as both parties are citizens of Pennsylvania. Some courts now follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state, but they permit him to rebut that presumption. See Stifel v. Hopkins, 477 F.2d 1116, 1126 (6th Cir. 1973); Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991); Jones v. Hadican, 552 F.2d 249, 251 (8th Cir. 1977). However, to overcome the presumption, the prisoner must introduce more than "unsubstantiated declarations." Stifel, 477 F.2d at 1126; see also Jones, 552 F.2d at 251.

5

The courts that follow the rebuttable presumption model appear to allow a prisoner to establish his new domicile only in the state of incarceration, not in some entirely new state. See Jones, 552 F.2d at 251 (indicating a narrow basis for refuting the presumption by showing a "*bona fide* intention to change [one's] domicile to the place of [one's] incarceration"). This is consistent with the general principles of domicile, where the focus is on an individual's physical presence in a state and his intent to remain there. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972).

Here, Robinson contends that he does not intend to return to Pennsylvania, but he also does not intend to stay in New Jersey where he is incarcerated. Instead, he claims that, upon his release in 2015, he plans to reside with relatives in Dover, Delaware, until he is able to establish his own residence in the State. See Argument in Support of Appeal at 2. We doubt that Robinson can establish a domicile in this third state. See Krasnov, 465 F.2d at 1300. But in any event, his declarations are simply too unsubstantiated to be sufficient. See Stifel, 477 F.2d at 1126. Certainly, given this record, we cannot conclude that the District Court committed error in concluding that Pennsylvania remained Robinson's domicile.

Robinson, we note, alleges that Temple University Hospital is not a Pennsylvania citizen because (1) its billing company, Alliance One, maintains a home office in Michigan, and (2) some of the physicians have out-of-state residences. Even if true, these conditions would not create diversity jurisdiction. See Grand Union Supermarkets, Inc., 316 F.3d at 410 (requiring complete diversity). The District Court determined that

6

Temple University Hospital is a citizen of Pennsylvania for the purposes of diversity jurisdiction. Again, we see no error in the District Court's legal or factual conclusions. See Temple Univ. Hosp., Inc. v. Group Health, Inc., 413 F. Supp. 2d. 420, 422 (E.D. Pa. 2005) (explaining Temple's citizenship status).

IV.

Even generously construed, Robinson's *pro se* complaint and subsequent submissions fail to raise a substantial question as to his domicile. Accordingly, because the District Court did not err in finding a lack of diversity jurisdiction, see Jones, 552 F.2d at 251, we will summarily affirm its dismissal of Robinson's complaint for lack of subject matter jurisdiction. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.