[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13878
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03327-ODE


HASKELL COLCLOUGH, JR.,

Plaintiff-Appellant,

versus


GWINNETT PUBLIC SCHOOLS,

Defendant,

GWINNETT COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 11, 2018)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Haskell Colclough, Jr., proceeding *pro se*, appeals following the District Court's grant of summary judgment to the Gwinnett County School District ("School District") in his employment-discrimination action under the Americans with Disabilities Act ("ADA").[1] Colclough contends that the Court erred in: (1) refusing to enter a default judgment against the School District, (2) ruling on a summary judgment motion that was untimely filed, and (3) granting summary judgment to the School District on his disability claim after finding that he did not make out a *prima facie* case of discrimination, demonstrate pretext, or prove discrimination based on a failure to accommodate. We address each argument in turn and ultimately affirm the District Court.

## I.

We review the denial of a motion for a default judgment under an abuse-of-discretion standard. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). An entry of default is appropriate under Federal Rule

---

[1] In his initial complaint, Colclough also alleged race discrimination in violation of Title VII. Although he cited to Title VII in his amended complaint, the District Court found that Colclough's amended complaint did not reassert his race-discrimination claim and did not allege discrimination based on any other characteristic protected by Title VII. Because Colclough does not challenge this ruling on appeal, any Title VII issue is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating that a failure to challenge on appeal one of the grounds on which the district court based its judgment results in abandonment of that argument).

2

of Civil Procedure 55 "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Rule 12(a) provides that a defendant must generally serve a responsive pleading within twenty-one days of being served with a summons and complaint.

Colclough served his initial complaint upon the School District on January 9, 2015, and the School District failed to serve a responsive pleading within twenty-one days.  He then moved for an entry of default under Rule 55.  In a Report and Recommendation, later adopted by the District Court, the Magistrate Judge recommended denial of Colclough's motion because Colclough's service of process was insufficient—he served the School District by certified mail, which is not a proper method under the Federal Rules of Civil Procedure or Georgia law.[2] We agree.  Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default.  *In re Worldwide*

---

[2] Under Federal Rule of Civil Procedure 4(j), service on a state or local government entity may be completed by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Such service is properly executed under Georgia law, O.C.G.A. § 9-11-4(e)(5), when copies of the summons and complaint are delivered "to the chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city or to an agent authorized by appointment to receive service of process."  Neither rule allows for service by mail.  *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983); *Winters v. City of Valdosta*, No. 7:11-CV-22 (HL), 2012 WL 523693, at *3 (M.D. Ga. Feb. 15, 2012).

Colclough was given an extension to properly serve the School District.  He filed an amended complaint on July 9, 2015, and properly served the School District four days later. This initiated the School District's legal duty to respond, which it did by timely filing a Rule 12(b)(6) motion.

*Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014).

## II.

A party may file a motion for summary judgment until thirty days after the close of discovery. Fed. R. Civ. P. 56(b); N.D. Ga. Civ. R. 56.1(D). Here, discovery closed on August 25, 2016, pursuant to the Magistrate Judge's order granting a motion to extend discovery until then. Colclough, appearing to not have accounted for this extension, argues that the School District's summary judgment motion, filed September 23, was due August 24. The School District's motion was timely filed.

## III.

We review a district court's grant or denial of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the nonmoving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505,

2512 (1986).  To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The ADA prohibits covered employers from discriminating based upon the known physical or mental impairments of a qualified individual with a disability. 42 U.S.C. § 12112.  To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show, among other things, that he was subjected to unlawful discrimination *because of* his disability.  *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255–56 (11th Cir. 2007).  Demonstrating an employer's knowledge of the plaintiff's condition is an essential element of establishing a *prima facie* case.  *Morisky v. Broward Cty.*, 80 F.3d 445, 447 (11th Cir. 1996). Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of an employee's disability.  *Id.* at 448.  If the plaintiff establishes a *prima facie* case, and the defendant then presents legitimate, nondiscriminatory reasons for the plaintiff's termination, the plaintiff must show that the employer's reasons were pretexts for intentional discrimination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

Here, Colclough claims that the School District discriminated against him on the basis of his disability, cancer, when it terminated him from his job as a crossing

guard.  After careful review, we agree with the District Court that Colclough failed to present any evidence indicating that his supervisor, or any other decisionmaker, knew of his cancer.  Indeed, Colclough admits that, during his time employed, he did not advise anyone employed by the School District of his cancer diagnosis. Colclough also did not present evidence reasonably suggesting that the School District's decisionmakers had—or even should have had—notice of his cancer.[3]

Finally, Colclough argues that the District Court erred by rejecting his claim that the School District failed to reasonably accommodate his cancer.  Colclough does not contend that he requested an accommodation that went unmet.  Nor does he specify what accommodation he desired.  Rather, Colclough claims that the School District should have noticed that he requested numerous days off, derived from this that he needed an accommodation, and approached him to ask how it could help.

The ADA imposes upon employers the duty to provide reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer.  42 U.S.C. § 12112(b)(5)(A).  It is generally the responsibility of the individual with a disability to inform the employer that an

---

[3] Further, even if he had, the School District cited as the reason for Colclough's termination excessive absences and a failure to wear his required uniform.  Colclough failed to present evidence reasonably demonstrating that this was a pretext for discrimination.

accommodation is needed. *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1364 (11th Cir. 1999).

As discussed, neither Colclough's direct supervisor nor anyone above his supervisor was aware—or reasonably on notice—of Colclough's cancer. The School District therefore had no legal duty to approach Colclough on its own accord and ask whether he needed an accommodation.

IV.

For the foregoing reasons, we affirm the District Court's decision granting the School District's summary judgment motion.

**AFFIRMED.**