[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-13756

Non-Argument Calendar

————————————

YUNIS ADON EL,
Moor Beneficiary
a.k.a. Yunis Adon El Express Trust,
d.b.a. Jonah Addis,
d.b.a. Yunis Adon El,

                                             Plaintiff-Appellant,

*versus*

CARL MCGEHEE,
In His Individual Capacity,
MCCALLA RAYMER LEIBERT PIERCE, LLC,

NAVY FEDERAL CREDIT UNION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03957-LMM

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Yunis Adon El appeals from the district court's *sua sponte* dismissal of his *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim upon which relief could be granted and the district court's denial of his request for injunctive relief. Adon El alleged wrongful foreclosure, violation of the Fair Debt Collection Practices Act, violation of the Truth in Lending Act, breach of contract, slander of title, slander of credit, intentional and negligent infliction of emotional distress, failure to join a party, deprivation of religious freedom, violation of federal trust and lien laws, joint venturer liability, wrongful conduct, and forfeiture of estate. Adon El also petitioned for an *ex parte* temporary restraining order. He brought these claims against Carl McGehee; McCalla Raymer Leibert Pierce, LLC; and Navy Federal Credit Union. Adon El argues on appeal that the district court erred because his

complaint was based on specific factual allegations and asserted a legally cognizable right of action when construed liberally in the manner we instruct district courts to view *pro se* pleadings. Adon El's arguments fail. Therefore, we affirm the district court.

We review "a district court's dismissal of an *in forma pauperis* action as frivolous under § 1915(e)(2)(B)(i) for [an] abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.* (*Mitchell I*), 294 F.3d 1309, 1315 (11th Cir. 2002) (emphasis added) (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). We review a district court's dismissal of an *in forma pauperis* action for failure to state a claim under § 1915(e)(2)(B)(ii) using the same standard as when reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)—that is, *de novo*, viewing the allegations in the complaint as true. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We review the denial of an *ex parte* temporary restraining order for an abuse of discretion. *See Daker v. Comm'r, Ga. Dep't Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016) (citing *Forsyth County v. U.S. Army Corps Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011)) (reviewing the denial of a preliminary injunction for an abuse of discretion). We "give liberal construction to the pleadings of *pro se* litigants, [but] 'we nevertheless [] require[] them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

When a plaintiff proceeds *in forma pauperis*, the district "court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious" or "fails to state a claim

on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). "For purposes of a dismissal under § 1915(e)(2)(B)(i), '[a] claim is frivolous if it is without arguable merit either in law or fact.'" *Mitchell I*, 294 F.3d at 1315 (alteration in original) (quoting *Bilal*, 251 F.3d at 1349). When making a frivolousness determination, the district court may not only "dismiss a claim based on an indisputably meritless legal theory" but also "pierce the veil of the complaint's factual allegations and dismiss those claims [] [for which the] factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Id.* at 327–28.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint need not have "'detailed factual allegations,' but it [] [must have] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Further, the claims within the complaint must be facially plausible, which occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).

The district court did not err in *sua sponte* dismissing Adon El's *pro se* complaint under § 1915(e)(2)(B) because it asserted frivolous claims and failed to state a claim upon which relief could be granted. Adon El failed to distinguish which defendants he was bringing any particular claim against, failed to allege facts with specificity, and failed to support bare legal conclusions. In short, Adon El failed to allege facts sufficient to state a claim, and his claims are frivolous. The district court did not err in either its frivolousness determination or its failure-to-state-a-claim determination, and either of these bases is sufficient to support the district court's order.

Additionally, because the district court properly dismissed Adon El's complaint on these grounds, it did not abuse its discretion in denying his request for injunctive relief because there was not a substantial likelihood of success on the merits of his claims. *See Forsyth County*, 633 F.3d at 1039 (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)).

Lastly, although Adon El raised various issues in post-judgment motions, we do not have jurisdiction to review Adon El's post-judgment motions because he did not file a separate notice of appeal or amend his previously filed one to address them. *See Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271–72 (11th Cir. 2013).

We **AFFIRM** the district court's dismissal of Adon El's complaint and its denial of injunctive relief.