[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12789

Non-Argument Calendar

_____

MS. JOHNNIE MARENE THOMAS,

Plaintiff-Appellant,

*versus*

JOHN S. MYERS,
In his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:22-cv-00147-LGW-BWC

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Johnnie Marene Thomas, proceeding *pro se*, appeals the district court's orders striking her amended complaint and denying her renewed motion for default judgment, both of which were filed after her case was dismissed for lack of subject-matter jurisdiction. After review,[1] we affirm in part and dismiss in part.

As an initial matter, Thomas's August 17, 2023, notice of appeal is untimely to appeal the June 7, 2023, judgment dismissing her complaint for lack of subject-matter jurisdiction and closing the case, because the notice of appeal was filed over 30 days after the judgment.[2]  *See* Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a) (providing a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (stating in a civil case, a timely notice of appeal is a jurisdictional requirement).

_____

[1] "We review the denial of a motion for a default judgment for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  Likewise, we review for abuse of discretion the district court's decision to strike a pleading. *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

[2] To the extent Thomas's June 15, 2023, filing could be construed as a timely tolling motion, the appeal is still untimely as to the final judgment because the district court denied that motion on June 21, 2023, and Thomas did not file her notice of appeal within 30 days of that order.

Thomas has abandoned any argument the court erred in striking her amended complaint because she failed to address the amended complaint or its dismissal in her brief.[3] *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating issues not briefed on appeal are deemed abandoned).  She has also abandoned any argument the court erred in denying her motion for default judgment as moot, because, although she claims the court erred in denying her motion for default judgment, she fails to provide argument as to why it erred.  *See id.*  Nonetheless, the court did not abuse its discretion in denying her motion for default judgment as moot, because the court had already closed the case, as it was required to do upon determining that it lacked subject-matter jurisdiction.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (explaining federal courts are obligated to *sua sponte* inquire into subject-matter jurisdiction whenever it may be lacking); Fed. R. Civ. P. 12(h)(3) (providing a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction").

Accordingly, we affirm, in part, as to the orders striking Thomas's amended complaint and denying her renewed motion for default judgment.  We dismiss for lack of jurisdiction, in part,

---

[3] *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, a court may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action."  *Id.* at 1168-69 (quotation marks omitted).

with respect to any arguments relating to the June 7, 2023, judgment.

**AFFIRMED IN PART, DISMISSED IN PART.**