[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12736

Non-Argument Calendar

_____

FELIPE IGNACIO RIVADENEIRA,

Plaintiff-Appellant,

*versus*

D. RAY JAMES CORRECTIONAL FACILITY,
CHRONIC CARE CLINICS,
Medical Facility,
THE GEO GROUP, INC.,
A Florida Corporation,
JOHN OLIVER,
MR. T. JOHNS, et al.,

Defendants-Appellees,

2                        Opinion of the Court                        23-12736

DR. RICK THOMAS, et al.,

                                                              Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:21-cv-00012-LGW-BWC

_____

Before ROSENBAUM, ABUDU, and HULL, Circuit Judges.

PER CURIAM:

Felipe Rivadeneira, a federal prisoner, appeals multiple orders dismissing and granting summary judgment on his *pro se* claims arising from his incarceration in a privately-owned prison. Rivadeneira's complaint alleged several claims of negligence and intentional infliction of emotional distress ("IIED") and invoked both federal diversity jurisdiction and state law. The district court construed his state-law claims as brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674. The district court then dismissed some of these claims and granted summary judgment in favor of the defendants on other claims primarily because the defendants, as independent contractors, were not subject to liability under the FTCA.

Rivadeneira did not object to the district court's construing his state law claims as FTCA claims. However, on appeal, Rivadeneira for the first time contends that the district court plainly erred in construing all of his state law claims as FTCA claims. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

## I.  BACKGROUND

Rivadeneira is a federal prisoner who, at the time of the underlying allegations, was incarcerated at D. Ray James Correctional Facility ("the prison") in Folkston, Georgia. The GEO Group operated the prison pursuant to a contract with the federal government. The GEO Group also operated a program, called Chronic Care Clinics, in the prison.

### A.    Rivadeneira's Complaint—January 2021

On February 3, 2021, Rivadeneira filed a complaint alleging four causes of action: (1) negligence, (2) gross negligence, (3) professional negligence, and (4) IIED. In the jurisdiction section of his complaint, he stated that jurisdiction was "predicated on 28 U.S.C. [§] 1332," that the amount in controversy exceeds $75,000, and that complete diversity exists between the parties.[1] His complaint did not reference the FTCA or allege that any defendant was a federal agency or employee.

---

[1] Section 1332 grants original jurisdiction to district courts in civil cases where the matter in controversy exceeds the sum value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

Rivadeneira's complaint named 10 defendants: (1) the prison; (2) the GEO Group; (3) Chronic Care Clinics; (4) two doctors who worked at the prison, Dr. Rick Thomas and Dr. Brian Maziarz; (5) John Oliver, the Director of Operations; (6) Tracy Johns, the Facility Administrator; (7) Jose Jimenez, the Health and Safety Administrator; (8) Ms. Green, the Assistant Facility Administrator; and (9) Mr. McCoy, a Case Manager.

As to Count 1 (Negligence), Rivadeneira alleged these facts. On July 11, 2018, Dr. Thomas at Chronic Care Clinics performed a diabetic foot screening and diagnosed Rivadeneira with tinea pedis, or athlete's foot. Dr. Thomas imposed medical work restrictions, including no work duty, no prolonged standing, and no lifting over 15 pounds. Despite those restrictions, "[s]ometime after July 11, 2018," defendant McCoy assigned Rivadeneira to work a laundry detail, causing "further injury" to him. Rivadeneira also alleged that on November 1, 2018, he was assigned to work as "Ice Orderly and Rotunda" and that McCoy laughed at him as he struggled to do that work. In 2019, McCoy instructed officers to search Rivadeneira's property for any evidence he might have against prison staff.

As to Count 2 (Gross Negligence), Rivadeneira alleged that on November 7, 2018, the prison assigned him to repetitively lift and carry a 50-pound ice chest despite his work restrictions, causing him to slip and fall. He alleged that he sustained permanent injuries to his left shoulder, lower back, and right foot.

23-12736                Opinion of the Court                5

As to Count 3 (Professional Negligence), Rivadeneira alleged that around November 27, 2018, Dr. Thomas failed to properly diagnose his lower back. Dr. Thomas advised him that x-rays showed minimal degenerative changes in his hips and minimal degenerative changes and calcaneal spurring in his right foot. An x-ray of his left shoulder, however, revealed a fracture that required surgery, so Dr. Thomas recommended a steroid injection for pain and a transfer to a facility where Rivadeneira could receive surgery. Dr. Thomas failed to identify a problem with Rivadeneira's lower back though, resulting in Dr. Thomas's decision to remove the medical work restrictions. Specifically, he alleged that in 2020, after he was transferred to another facility run by The GEO Group in Texas, an x-ray of his lower back showed degenerative disc disease at L4-L5 of his spine, which meant that the medical work restrictions should have remained in place.[2]

---

[2] Rivadeneira's complaint further alleged that a report from the Texas facility stated that he "should have undergone surgery at the [D. Ray James facility]." But the report he cites only states in the "Subjective Data" section that the visit was a "Sick-call Referral" for "Pain in back & left shoulder. 'I was supposed to get back surgery at previous prison.'" The report did not suggest that it was the doctor's opinion that Rivadeneira should have received back surgery at the D. Ray James prison facility.

Rivadeneira's complaint also alleged that an x-ray at the Texas facility "identified a fracture to his lumbar discs" and cited another medical report. However, his cited medical report, regarding a "[f]ollow-up with x-ray" for "back pain," states only "no change from previous exam—x-ray shows [degenerative disc disease at] L4-L5," and mentioned no fracture.

Also as to Count 3, Rivadeneira alleged that Dr. Maziarz failed to administer properly the steroid injection in his left shoulder.  When Dr. Maziarz inserted the needle, Rivadeneira allegedly experienced pain and could no longer lift his arm above shoulder level.

As to Count 4 (IIED), Rivadeneira alleged that the prison was responsible for its employees harassing him and searching his property without a reason.  For example, in October 2019, prison staff transferred him to another unit in the middle of the night and made him walk through the pouring rain, only to move him back to his original unit two hours later.  And in November 2019, defendant Johns told Rivadeneira that he was being transferred immediately to a medical facility for treatment.  But a few days after Rivadeneira gave away his belongings in reliance on Johns's statement, Johns laughed and admitted he had intentionally deceived Rivadeneira about the transfer.  Lastly, around December 2019, prison staff "ridiculed" Rivadeneira by placing him on suicide watch.  He alleged he was thrown into a cold isolation room, his clothes were removed, he was tied into a straight jacket for eight days, and he was left unattended for six days.  Prison staff told him that if he wanted to leave, he must sign papers releasing the prison, the staff, and owner The GEO Group from liability.

Rivadeneira also included a statement of facts containing allegations about the prison and staff, but these allegations were not connected to a cause of action.  For example, Rivadeneira alleged that it was evident that defendant Oliver failed to

23-12736            Opinion of the Court            7

investigate properly or willfully chose to ignore the prison staff's conduct after Rivadeneira filed an administrative grievance in August 2019. Another time, defendant Green summoned Rivadeneira to her office, where an officer was waiting with handcuffs, and she asked him to sign a statement releasing The GEO Group from liability for any wrongdoing, which he refused to do. And in November 2019, Rivadeneira filed an administrative grievance against defendant Jimenez "for manipulating his medical information" by omitting Rivadeneira's work restrictions when Jimenez replied to Rivadeneira's request for an informal resolution of complaints about Dr. Thomas. Rivadeneira attached copies of several medical records, prison records, and grievance documents to his complaint.

## B.      Magistrate Judge's First R&R—November 2021

A series of four reports and recommendations (R&R) followed. In the first R&R, the magistrate judge conducted a frivolity screening pursuant to 28 U.S.C. § 1915A(a). The magistrate judge stated that Rivadeneira's complaint "assert[ed] claims under the [FTCA]" and thus recommended that the "FTCA claims for negligence against defendants Oliver, Green, and Jimenez" be dismissed because the allegations against them, appearing only in a Statement of Facts section, were vague and conclusory and would not support "an FTCA claim of negligence." The magistrate judge directed service as to the "FTCA claims" against the remaining seven defendants.

Rivadeneira objected to the first R&R. He asserted that defendants Oliver, Green, and Jimenez were as responsible as the other defendants because (1) Oliver had been "denying" the lawsuit, (2) Green threatened to withhold relevant documents, and (3) Jimenez was aware of Rivadeneira's health conditions but never helped him.

After overruling Rivadeneira's objections, the district court adopted the first R&R. The district court construed Rivadeneira's claims as "FTCA claims." The district court ruled that, even combining the allegations in Rivadeneira's complaint with the new allegations in his objections, he failed to state a plausible claim against defendants Oliver, Green, or Jimenez.

## C.    Second R&R—August 2022

Dr. Thomas moved to dismiss Rivadeneira's complaint on several grounds, including that the FTCA does not provide for private individual liability. The magistrate judge ordered Rivadeneira to respond to Dr. Thomas's motion to dismiss and warned him that if he failed to do so "the Court will presume that [he] does not oppose the Motion and may dismiss individual claims or the entire action."

Dr. Maziarz then moved separately to dismiss Rivadeneira's complaint. Dr. Maziarz argued that Rivadeneira's medical record regarding the steroid injection was signed by a nurse and physician's assistant, establishing that Dr. Maziarz did not administer the injection. Dr. Maziarz further argued that as a federal contractor, he could not be sued under the FTCA. The

magistrate judge ordered Rivadeneira to respond to Dr. Maziarz's motion too.

Over a month later, having received no response from Rivadeneira to either Dr. Thomas's or Dr. Maziarz's motion to dismiss, the magistrate judge entered a second R&R recommending that the unopposed motions be granted. The magistrate judge explained that the dismissals were warranted as a sanction under Federal Rule of Civil Procedure 41(b) or the district court's inherent authority to manage its docket based on Rivadeneira's failure to comply with court orders.

After receiving the second R&R, Rivadeneira responded to Dr. Thomas's, but not Dr. Maziarz's, motion to dismiss. Rivadeneira explained that he was unable to respond earlier because his facility had been quarantined due to a COVID-19 outbreak. He also argued that Dr. Thomas was responsible for all medical treatment at the prison and thus was responsible for the substandard healthcare he received there.

Based on Rivadeneira's late response to Dr. Thomas's motion to dismiss, the magistrate judge vacated the portion of his second R&R concerning Dr. Thomas, leaving only the dismissal as to Dr. Maziarz intact. Rivadeneira filed no objections, and the district court adopted the revised second R&R, dismissing the claims against Dr. Maziarz. Dr. Thomas's motion to dismiss remained pending.

### D.    Third R&R—February 2023

In a third R&R, the magistrate judge recommended granting Dr. Thomas's motion to dismiss.    The magistrate judge determined that Dr. Thomas was an employee of an independent contractor—a private correctional healthcare company that contracted with The GEO Group—and that contractors and their employees were excluded from FTCA liability.

Rivadeneira filed no objections, and the district court adopted the third R&R, dismissing the claims against Dr. Thomas.

### E.    Fourth R&R—June 2023

The prison, Chronic Care Clinics, The GEO Group, and Johns moved for summary judgment.[3]    These four defendants argued, in relevant part, that the prison and Chronic Care Clinics, as a privately-owned prison and a prison medical program, were not legal entities capable of being sued under Georgia law.    They also argued that The GEO Group and Johns could not be sued under the FTCA because The GEO Group was an independent contractor and Johns was an employee of The GEO Group, both of which are excluded from liability under the FTCA.    These four defendants also submitted various medical records and declarations.

---

[3] McCoy was the only defendant who did not respond to Rivadeneira's complaint.    The docket reveals that in July 2022, a Marshal personally served McCoy's sister, who was a "person of suitable age and discretion then residing in defendant's usual place of abode."

In a fourth R&R, the magistrate judge recommended granting summary judgment because the prison and Chronic Care Clinics were not entities capable of being sued under Georgia law, and The GEO Group, as an independent contractor, and Johns and McCoy, as its employees, were explicitly excluded from FTCA coverage. The magistrate judge noted that it was "unclear if [] McCoy had been properly served" and explained that, in any event, it was unnecessary to address the remaining grounds.

Rivadeneira objected to the fourth R&R and argued that granting summary judgment would violate his due process rights because he did not receive a copy of the four defendants' joint summary judgment motion and thus could not respond to it.

The district court adopted the fourth R&R and granted summary judgment in favor of the prison, Chronic Care Clinics, The GEO Group, and Johns. The district court overruled Rivadeneira's objections as meritless because even assuming that he did not receive a copy of the joint summary judgment motion, he failed to address the substance of the fourth R&R, which fully explained the contents of the joint summary judgment motion, or move for additional time to respond.

Rivadeneira timely appealed.

## II.  STANDARDS OF REVIEW

We review a district court's *sua sponte* dismissal for failure to state a claim under § 1915A *de novo*. *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). We review a dismissal for failure to comply

with a court order for abuse of discretion.  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

We review a grant of summary judgment *de novo*.  *Ireland v. Prummell*, 53 F.4th 1274, 1286 (11th Cir. 2022).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When a party fails to object to a magistrate judge's report, we review only for plain error and only if necessary in the interests of justice.  11th Cir. R. 3-1.  Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

## III.  DISCUSSION

Rivadeneira's only argument on appeal is that the district court plainly erred by ignoring the jurisdictional statement in his complaint, which stated that he was bringing state-law claims under diversity jurisdiction, and by construing his various negligence claims and IIED claims as FTCA claims.  We consider this argument separately as to each group of defendants.

## A.    Defendants Oliver, Green, and Jimenez

To recap, the district court construed Rivadeneira's allegations against Oliver, Green, and Jimenez as "FTCA claims of

negligence" but determined that those allegations failed to state a claim because they were vague and conclusory.

Rivadeneira does not challenge the district court's finding that his allegations as to these three defendants fail to state a claim for negligence.  Rivadeneira's initial brief challenged only the district court's construing his state-law negligence claims as FTCA claims of negligence as to Oliver, Green, and Jiminez—but not the ruling that his allegations were insufficient to state a claim for negligence at all.

Importantly, Georgia negligence law governs regardless of whether Rivadeneira brought a state-law claim of negligence or an FTCA claim of negligence, such that Rivadeneira's failure to state a claim is unaffected by the district court construing the claim of negligence as being brought under the FTCA.  *See Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) ("The FTCA addresses violations of *state law* by federal employees, not federal constitutional claims" (emphasis added)); *Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015) (requiring an FTCA plaintiff to prove that "a private individual who had acted as did the federal employee, in like circumstances, would be liable for the particular tort *under governing state law* where the tort occurred" (emphasis added)).

Because Rivadeneira does not challenge the district court's ruling that his allegations are too vague and conclusory to state a plausible claim of negligence, the dismissal as to Oliver, Green, and

Jimenez is due to be affirmed.[4] *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (explaining that an appellant's failure to raise an issue in the initial brief is treated as a forfeiture of that issue); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (holding that "when an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

## B.    Defendant Dr. Maziarz

The district court dismissed Rivadeneira's claim of professional negligence against Dr. Maziarz because Rivadeneira failed to comply with the order to respond to Dr. Maziarz's motion to dismiss. Rivadeneira never objected to the second R&R's reason for dismissal, nor does he argue on appeal that the district court abused its discretion in dismissing the claim for failure to comply with a court order. Thus, the dismissal of his claim against Dr. Maziarz also is due to be affirmed. *See Campbell*, 26 F.4th at 873; *Sapuppo*, 739 F.3d at 680.

## C.    Defendant Dr. Thomas

Rivadeneira argues that the district court plainly erred by construing his state-law claims against Dr. Thomas as claims under

---

[4] We also note that Rivadeneira does not argue that the district court abused its discretion by not *sua sponte* allowing him an opportunity to amend his complaint. *See Campbell*, 26 F.4th at 873.

the FTCA and then dismissing those claims on the sole basis that Dr. Thomas could not be subject to liability under the FTCA. We agree.

As an initial matter, Rivadeneira's failure to object to his state-law claims being misconstrued as FTCA claims ordinarily would result in his having waived the right to raise that challenge on appeal. *See* 11th Cir. R. 3-1 (stating that we will only review a waived objection for plain error if necessary in the interests of justice). But this case reveals a rare instance of plain legal error. *See Farley*, 197 F.3d at 1329.

The district court plainly erred in construing Rivadeneira's claims against Dr. Thomas as being brought only under the FTCA. The complaint makes clear that Rivadeneira intended to pursue his state-law negligence and IIED claims under diversity jurisdiction (as opposed to federal question jurisdiction). He neither mentioned the FTCA, nor alleged that any of the defendants were federal employees or agencies. Instead, Rivadeneira's complaint cited 28 U.S.C. § 1332 and explicitly invoked the district court's diversity jurisdiction over his negligence and IIED claims. In support of diversity jurisdiction, Rivadeneira alleged that the amount in controversy exceeded $75,000, cited Georgia law after listing his negligence and IIED claims, and alleged that the individual defendants were citizens of the United States.[5]

---

[5] Specifically, Rivadeneira alleged that at the time he filed his complaint he was incarcerated in Texas, that The GEO Group's "headquarters" was in Florida, and that the remaining defendants were "citizens[]" of states other than Texas.

Rivadeneira also acknowledged that The GEO Group was a government contractor, not a federal agency.

Rivadeneira's complaint alleged that Dr. Thomas was an employee of the prison that was owned and operated by The GEO Group. Further, the defendants admit that they were independent contractors or employees of an independent contractor. *See* 28 U.S.C. § 2671 (explicitly barring recovery under the FTCA from contractor-defendants); *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72-73 (2001) (discussing avenues to relief for federal prisoners housed in private prison facilities, including state tort law remedies). Here, the plain face of a *pro se* complaint was improperly construed to state only FTCA claims, something they are not.

Importantly, this erroneous construction of Rivadeneira's state-law claim against Dr. Thomas reversibly affected the district court's decision to grant Dr. Thomas's motion to dismiss based solely on contractors and their employees, like Dr. Thomas, being "excluded from FTCA coverage." Because the *only* ground for

---

Although these diversity-of-citizenship allegations were insufficient because they did not specify the state in which each defendant is domiciled, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. On remand, the district court can require Rivadeneira to set forth in which specific states he and the remaining defendants are domiciled before proceeding further on his state law claims. *See id.*; *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (stating that for jurisdictional purposes, a prisoner's domicile is his domicile before he was incarcerated).

dismissing Rivadeneira's claim against Dr. Thomas was the insufficient reach of the FTCA without any examination of his state law claims, we reverse the order granting Dr. Thomas's motion to dismiss and remand for further consideration.

## D.    Defendants Chronic Care Clinics and the Prison

The district court ruled that the defendant prison (owned and operated by The GEO Group) and Chronic Care Clinics (the defendant medical treatment program operated by The GEO Group) were not legal entities capable of being sued under Georgia law.[6]  Rivadeneira does not challenge the district court's grant of summary judgment on this ground, and the erroneous FTCA construal does not impact this ruling.  Thus, the judgment against the defendant prison itself and defendant Chronic Care Clinics is due to be affirmed.  *See Campbell*, 26 F.4th at 873; *Sapuppo*, 739 F.3d at 680.

## E.    Defendants The GEO Group, Johns, and McCoy

Like Dr. Thomas, the district court granted summary judgment in favor of The GEO Group, Johns, and McCoy because they were independent contractors or employees of that independent contractor and therefore were explicitly excluded from liability under the FTCA.

---

[6] Georgia law provides for only three classes of legal entities capable of being sued: (1) a natural person, (2) a corporation, or (3) a quasi-artificial person. *Cravey v. Southeastern Underwriters Ass'n*, 105 S.E.2d 497, 500 (Ga. 1958).

For the reasons explained above, the district court plainly erred by construing these claims under an FTCA framework that would certainly defeat them. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (requiring liberal construction of *pro se* pleadings).

## IV.  CONCLUSION

Based on the foregoing, we **AFFIRM** the dismissal of the claims against Oliver, Green, Jimenez, and Dr. Maziarz and the summary judgment in favor of the prison and Chronic Care Clinics.   We **REVERSE** the dismissal of the claims against Dr. Thomas and the summary judgment in favor of The GEO Group, Johns, and McCoy and **REMAND** for proceedings consistent with this opinion.